# ELIZABETH D. ANDREWS *et al.*

*v.*

# WILLIAM A. BLACK *et al.*

1. APPEAL—*lies from order of Probate Court, admitting, or refusing to admit will to probate.* An appeal lies from an order of the probate court, admitting, or refusing to admit, a will to probate. Such an order is within the express language of the 138th section of the statute of wills.

2. EVIDENCE—*on appeal—as to testator's sanity—confined to subscribing witnesses—where probate has been allowed.* On an appeal from the probate court, in relation to the probate of a will, where probate has been allowed, no other evidence can be heard on the trial, upon the question of the testator's sanity, than that of the subscribing witnesses.

3. FORMER DECISIONS. *Walker* v. *Walker,* 2 Scam. 291; and *Duncan* v. *Duncan,* 23 Ill. 365, explained and affirmed.

4. STATUTE OF WILLS—*construction of.* Section two of the statute of wills, directs what testimony to be made by subscribing witnesses, shall be sufficient to admit a will to record; provided, no proof be shown of fraud, compulsion, or improper conduct. The first proof is confined to subscribing witnesses, but the testimony of other persons, not otherwise disqualified, is competent on the matters named in the proviso.

5. EVIDENCE—*on appeal—as to sanity of testator—where probate has been refused—not confined to subscribing witnesses.* Under the act of February 25th, 1845, on appeal, other evidence than that of the subscribing witnesses, can be heard on the question of the testator's sanity, in cases where probate of the will has been refused.

6. SAME—*when testimony, other than that of witnesses may be heard—where probate has been allowed.* In cases where probate has been allowed, all persons interested, may, within five years after probate, under the 6th section of the statute of wills contest the validity of such will, and in this proceeding,

the sanity of the testator, or any other proper question, may be raised and heard upon any legitimate evidence. But where probate has been refused, no proceedings of this character can be resorted to.

7. The act of 1845, recognizes the construction adopted in the case of *Walker* v. *Walker*, 2 Scam. 291, leaving the rule to stand as decided in that case, where probate had been allowed.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

At the November Term, 1865, of the probate court of Madison county, the will of one Andrew Black, after full consideration thereof by the court, upon proper proofs, was admitted to probate and record. At the same term, one of the devisees under the will, and child and heir-at-law of the said Black, prayed an appeal to the Circuit Court, from the order admitting the said will to probate, which was granted. On the appeal, the will was sustained, whereupon the case was brought to this court by appeal, and by agreement of counsel, only two points are presented by the record for its decision, which are stated in the opinion of the court.

Messrs. BILLINGS & BURNETT, for the appellants.

Mr. A. W. METCALF, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

Cross errors are assigned by counsel in this case, and it is agreed there are but two questions to be considered; first, does an appeal lie from an order of the probate court, admitting a will to probate, and, secondly, if the appeal lies can any evidence be heard on the question of sanity except that of the subscribing witnesses?

The 138th section of the statute of wills, provides that, "appeals shall be allowed from *all* judgments, orders or decrees of the court of probate to the Circuit Court." That the admitting or refusing to admit a will to probate is a judgment, order or decree, cannot be denied, and it is, therefore, within the express language of the act. When the legislature

17 — 43D ILL.

declares an appeal shall lie from *all* orders of an inferior tribunal, we have no right to say they did not mean what their language directly expresses. They could have used no words plainer or more comprehensive. The counsel for the appellees has given some very good reasons why an appeal might, with propriety, have been denied from orders admitting a will to probate; but to hold, in the face of the foregoing section, that it really has been denied, would be, not construction, but judicial legislation. It would be simply saying an important right does not exist, which the legislature declares shall exist. This we cannot say. So far as the professional or judicial experience of the members of this court goes, the practice has been uniform, and probably many estates have been settled under probates granted in the Circuit Court after having been refused in the lower tribunal.

The other question has been already settled in this court. In *Walker* v. *Walker*, 2 Scam. 291, it is explicitly decided, that no other evidence than that of the subscribing witnesses can be heard on the question of the testator's sanity, the decision being placed on the language of the statute. The counsel for appellants quote the case of *Duncan* v. *Duncan*, 23 Ill. 365, as overruling that in 2 Scam. But the two cases are harmonious. All that is decided in the case of *Duncan* v. *Duncan* relative to this subject, is, that other persons than the subscribing witnesses may be examined to invalidate the will. But the court was not speaking upon the question of sanity, but in reference to the latter clause of the second section, which authorizes proof to be given of fraud, compulsion or improper conduct. It is in reference to this species of proof, that the court hold in *Duncan* v. *Duncan*, that other than the subscribing witnesses may be sworn. This is a reasonable construction of the statute. It directs what testimony, to be made by the subscribing witnesses, shall be sufficient to entitle the will to record, with a proviso, that no proof be exhibited of fraud, compulsion or improper conduct. The first proof is confined to the subscribing witnesses, but the testimony of any other person, not otherwise disqualified, may be heard on the matters.

named in the proviso. At the session of 1845, and after the decision in *Walker* v. *Walker*, which was made in 1840, the legislature passed a law (Purple's Stat. p. 1221) to the effect, that when probate of a will had been *refused* in the probate court and an appeal taken, on the trial of the appeal the same testimony should be admissible as on the hearing of a bill in chancery, filed under the sixth section for the purpose of setting aside a probated will. This act seems a recognition of the construction in *Walker* v. *Walker*, but intended so far to establish a new rule as to let in other evidence than that of the subscribing witnesses, on the question of sanity when probate had been refused, by implication, at least, leaving the rule to stand, as decided in that case, on the trial of appeals where probate had been allowed. The reason of this distinction, which at first sight seems purely arbitrary, is probably this: Where probate has been allowed, all persons interested are still granted, by the sixth section, five years within which to file a bill in chancery for the purpose of setting aside the will. In such a proceeding, the sanity of the testator or any other proper question, may be raised and heard upon any legitimate evidence. The probate is not conclusive. But, where probate has been refused, there is no proceeding of this character to which persons claiming under the will can resort. But for the act of 1845, if the subscribing witnesses give such testimony on the question of sanity as to induce a judgment against the will, the rights of such persons would be gone without redress, even though they could prove clearly by other witnesses, if permitted to use them, the sanity of the testator. This would be a great hardship, and might properly have led the court to hesitate before laying down the rule in *Walker* v. *Walker*. But, having laid down the rule, we cannot regard the act of 1845 as being other than a legislative recognition of it, as being a true interpretation of the statute, and they therefore proceed to limit the rule, by providing, that a particular case, in which it would work a hardship, shall not be within it. This manifests a clear intent to leave the rule in force as to cases not falling within the excepted class. In view, then, of

the former decision of this court, and of the act of 1845, we are of opinion the Circuit Court committed no error in excluding, on the subject of sanity, all testimony except that of the subscribing witnesses.

*Judgment affirmed.*