THOMAS CROWLEY

*v.*

CATHARINE CROWLEY.

1. WILL—*sufficiency of proof by the subscribing witnesses.* Where neither of the subscribing witnesses to a will, whose mark only is made to their names, can identify the instrument as the one they had attested, and are not able to swear that the testator was of sound mind at the date of its execution, the proof will not authorize its probate.

2. SAME—*proof required to probate.* To entitle a will to probate, four things must concur: The will must be in writing, and signed by the testator, or in his presence by some one under his direction; it must be attested by two or more credible witnesses; two witnesses must prove that they saw the testator sign the will in their presence, or that he acknowledged the same to be his act and deed; and they must swear that they believe the testator was of sound mind and memory at the time of signing or acknowledging the same.·

3. SAME—*whether other than attesting witnesses may be examined.* On appeal from the county court denying the probate of a will, the party seeking its probate is not confined to the two attesting witnesses to establish the execution of the will or the sanity of the testator; but on appeal by a contestant from an order probating the will, the rule is different, and the proof will be confined to the testimony of the subscribing witnesses.

4. WITNESS—*competency of devisee to prove will.* A devisee under a will is not a competent witness to prove its execution.

5. PRACTICE—*excluding entire evidence.* The exclusion of the whole evidence from the jury is, in effect, an instruction in the nature of a nonsuit, a practice not sanctioned in this State.

6. If evidence tends to prove an issue in a case, it is error to exclude the same, although, in the opinion of the court, it may not be sufficient to authorize a verdict.

7. But if it appears that the verdict must have been the same if the evidence had not been excluded, the error is one that does not prejudice, and therefore no ground for a reversal.

APPEAL from the Circuit Court of Grundy county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. CHARLES W. NEEDHAM, for the appellant.

Mr. P. A. ARMSTRONG, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This cause originated in the county court of Grundy county, where Thos. Crowley, the appellant, produced an instrument in writing, which purported to be the last will and testament of David Crowley, deceased, and moved the court that it might be admitted to probate.

The county court, upon hearing the testimony of the subscribing witnesses, and they failing to identify the instrument as the one attested by them, refused to admit the will to probate. From the decision of the county court appellant appealed to the circuit court, where a trial was had before a jury, and a verdict was rendered that the instrument of writing was not the will of David Crowley, deceased. The court overruled a motion for a new trial, and rendered judgment upon the verdict, to reverse which appellant has brought this appeal.

It can not be claimed that the testimony of the subscribing witnesses to the will was sufficient to admit the instrument to probate. Neither of the witnesses had written his signature to the document, but each had signed by a cross, and they could not identify the instrument of writing as the one they had attested, nor could the witnesses testify that Daniel Crowley was, at the time the instrument of writing was executed, of sound mind and memory. Ryan, one of the witnesses, gave it as his opinion that the testator was not of sound mind at the time the will was signed. The other witness, Wright, in his evidence said: "I don't think he had his mind as well as if he was well; I could not say whether he was of sound mind or not."

Section 2, of chapter 148, entitled "Wills," declares: "That all wills shall be reduced to writing, and signed by the testator

or testatrix, or by some person in his or her presence, and by his or her direction, and attested in the presence of the testator or testatrix by two or more credible witnesses, two of whom declaring on oath or affirmation, before the county court of the proper county, that they were present and saw the testator or testatrix sign said will, testament or codicil in their presence, or acknowledged the same to be his or her act and deed, and that they believed the testator or testatrix to be of sound mind and memory at the time of signing or acknowledging the same."

In *Dickie* v. *Carter*, 42 Ill. 376, it was held, under the section of the statute cited, that to entitle a will to be admitted to probate, four things must concur: The will must be in writing, and signed by the testator, or in his presence by some one under his direction; it must be attested by two or more credible witnesses; two witnesses must prove that they saw the testator sign the will in their presence, or that he acknowledged the same to be his act and deed; they must swear that they believe the testator to be of sound mind and memory at the time of signing and acknowledging the same.

The evidence of the attesting witnesses failed entirely to establish two very important facts: First, the execution of the will, as they could not identify it as the one they signed as witnesses; second, they could not swear they believed the testator to be of sound mind and memory when the instrument was executed.

So far, then, as appellant relied upon the evidence of the attesting witnesses to establish a state of facts under which the circuit court could admit the instrument of writing to probate, he failed entirely.

It is, however, urged, that as probate of the will was refused in the county court, on the trial of the appeal in the circuit court appellant was entitled, under sec. 13, chapter 148, of " Wills," to prove the will by any evidence competent to establish a will in chancery.

The statute authorizes such proof on the trial of an appeal in the circuit court, in a case where probate of the will was

denied in the county court. And it was expressly held in *Andrews* v. *Black*, 43 Ill. 256, in such a case, for the purpose of establishing the sanity of the testator, resort might be had to the same character of evidence as upon a hearing of a bill in chancery, filed under the statute, to set aside a will.

Appellant was not, therefore, bound to rely upon the testimony of the two attesting witnesses to establish the execution of the will or the sanity of the testator, but could resort to any legitimate evidence to establish the fact. Had the will been admitted to probate in the county court, and an appeal prosecuted by those contesting it, then the rule would have been different, as was held in *Walker* v. *Walker*, 2 Scam. 291. The proof, then, would have been confined to the evidence of the witnesses to the will.

The question then presented is, whether the evidence introduced by appellant was sufficient to establish the will and to admit it to probate.

The evidence of Thos. Crowley, who was a devisee under the will, was not admissible, as was ruled in *Halloway* v. *Galloway*, 51 Ill. 159. The only other witness whose evidence is relied upon, is Maurice O'Connell, the scrivener who drew the will. He testified that the testator was of sound mind, and that he executed the will in the presence of the two attesting witnesses. The testimony of this witness was not, however, corroborated by the evidence of any other. He, alone, testified to the execution of the will and the sanity of the testator. It is true, the appellant called as a witness Mr. Hopkins, and asked him the following question: " What, in your opinion, was David Crowley's mental condition on the 12th day of February, 1874—was his mind sound or unsound?" The court did not allow the question to be answered, but even if the witness had testified that the testator was, at the time, of sound mind, the evidence of O'Connell, as to the execution of the will, would still have remained uncorroborated.

This evidence, in connection with O'Connell's, was not enough. The statute requires the evidence of two witnesses that they saw the testator or testatrix sign the will in their

presence, or that he or she acknowledged the same to be his or her act and deed, before the will can be admitted to probate.

This requirement of the statute can not be dispensed with. While appellant was not bound to rely upon the evidence of the two witnesses who attested the will, yet the law is imperative that there must be the concurring evidence of two witnesses to authorize probate of the will.

It is insisted that the court erred in excluding the evidence from the jury, on motion of appellee.

Where the evidence tends to prove the issue, it would be error for the court to exclude it from the jury, although, in the opinion of the court, the evidence might not be sufficient to authorize a verdict. Where the whole evidence is excluded from the jury by the court, it is, in effect, an instruction to the jury, as in case of a non-suit—a practice that has no sanction in this State. *Smith* v. *Gillett*, 50 Ill. 291.

We are not prepared to say the evidence excluded by the court tended to prove the issue; but even if it did, and if it was improperly excluded from the consideration of the jury, we can not, on that account, reverse, for the reason that it was an error that did appellant no harm.

If the evidence had not been excluded, the verdict of the jury could not have been different from what it was. Appellant was, therefore, not injured by the exclusion of the evidence, conceding it to have been improperly excluded.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*