In the Matter of Probate of Will of Dorothea Bonse.

---

18  433
140s 659

IN THE MATTER OF THE PROBATE OF THE WILL OF DOROTHEA BONSE.

1.   WILL—WITNESSES.—As all the facts necessary to be established by the testimony of the subscribing witnesses to the will were fully and satisfactorily proved by evidence, entirely independent of the testimony of the deceased subscribing witness taken before the probate court, the admission of merely cumulative evidence, tending to prove the same facts, though incompetent, could not have prejudiced the contestant.

2.   FRAUD AND COMPULSION IN EXECUTION OF WILL.—Where the contestant of a will gave evidence tending to show that the testator at the

time of the execution of the will, was in a state of partial intoxication and had but an imperfect knowledge of the English language. *Held*, that to establish fraud, compulsion or other improper conduct, it is necessary to go further and show that the condition of the testator as to intoxication, or her ignorance of the language in which the will was written, was taken advantage of in some way, to induce her to sign the will.

3. WITNESS—INTEREST.—Where a witness is interested as legatee in favor of and as heir adverse to a will, and the preponderance of her interest is in favor of defeating the will, she is, under the statute, incompetent as a witness.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge presiding. Opinion filed March 8, 1886.

Messrs. MOSES, NEWMAN & REED, for appellant; that there was no sufficient proof of the execution of the will, cited Mitchell v. Mitchell, 16 Hun, 970.

Mr. H. H. ANDERSON, for appellee.

BAILEY, P. J. The will of Dorothea Bonse was admitted to probate by the Probate Court of Cook county on the evidence of Leopold Wolf and William Berdell, two of the three subscribing witnesses, the other subscribing witness then being dead. From this order one of the parties in interest appealed to the circuit court, and pending the appeal, said William Berdell died. At the trial in the circuit court, Wolf, the only surviving witness, appeared and testified that he saw the testator sign the will; that both he and the other two subscribing witnesses were present; that he believed that the testator at the time of signing the will was of sound mind and memory; that he signed as subscribing witness and that the signatures of the other subscribing witnesses were in the handwriting of said witnesses. Another witness who was the daughter of one and the sister of the other of the subscribing witnesses who were dead, testified to the death of said witnesses, and also that she was acquainted with the handwriting of both of said witnesses, and that their signatures to said will were genuine.

In the Matter of Probate of Will of Dorothea Bonse.

The foregoing evidence having been received, the court permitted the proponent of the will, against the objection and exception of the contestant, to read in evidence the testimony of William Berdell, taken before the probate court, at the time the will was admitted to probate, said testimony being in substance as follows:

" My name is William Berdell ; was twenty-four years old last June, and reside at Englewood. My occupation is that of painter and glazier. The signature to the paper now shown me, purporting to be the last will and testament of Dorothea Bonse, is mine. Mr. and Mrs. Bonse asked me to sign the paper. I do not know the first name of Mrs. Bonse ; it was the lady who signed the will. I signed my name to said paper as a witness. I did not see Dorothea Bonse sign her name to said will, but she answered the question ; it was pointed out to her and she said she had signed it. She saw me sign my name to the paper. She asked me to sign it. Leopold Wolf, Mr. Bonse, Nicholas Berdell and I were present, and the same persons were present when I signed my name to the paper. I couldn't tell the date or how long ago it was ; about three years ago. Dorothea Bonse at that time was a middle-aged lady. The condition of her mind and memory at the time she signed her name to said paper seemed to be all right. I believe she was of sound mind and memory at that time. I think she knew the contents of said paper before she signed it, because she said she did. She said she signed it. I don't know whether it was read to her."

The contestant thereupon gave evidence tending to show that the testator, at the time she executed said will, was in the habit of becoming intoxicated, and was then in a state of partial intoxication; also that she usually spoke the German language and had only a limited knowledge of the English, the language in which the will was written. On the question of her intoxication at the time of making the will, and also as to the extent of her acquaintance with the English language, the evidence was conflicting.

The jury by their verdict found that the paper produced, purporting to be the will of Dorothea Bonse, is the true

last will and testament of said Dorothea Bonse, and the court after denying the contestant's motion for a new trial, rendered judgment on the verdict. The contestant brings the case to this court by appeal.

The admission in evidence of the testimony of William Berdell, the deceased subscribing witness, taken before the probate court, is assigned for error, and is the principal ground upon which the contestant now asks for a reversal of the judgment. The objection urged to said testimony is, that it was taken in a proceeding purely *ex parte*, where there was no opportunity for cross-examination, and therefore that it does not fall within the rule which allows the testimony of a witness taken in a former proceeding between the same parties to be read in evidence after the death of the witness. We are inclined to the opinion that the evidence was not competent, but as we view the case, it will not be necessary for us to determine that question, since it is apparent that the contestant was in no degree prejudiced by its admission.

In making probate of wills, the facts to be established as well as the instrumentalities of evidence, are limited by the statute. Where the subscribing witnesses are living, the proof of all the facts necessary to establish *prima facie* the authenticity of the will must be made by the subscribing witnesses and by them alone. The second section of the Statute of Wills provides that two of the subscribing witnesses declaring on oath or affirmation before the county court, that they were present and saw the testator sign the will in their presence, or that the testator acknowledged the same to be his or her act and deed, and that they believed the testator to be of sound mind and memory at the time of signing or acknowledging the same, shall be sufficient proof to admit the same to record, provided that no proof of fraud, compulsion or other improper conduct be exhibited which, in the opinion of the court, shall be deemed sufficient to invalidate or destroy the same. Under this section it is held, that on appeal from an order allowing the probate of a will, the execution of the will and the fact that the testator was of sound mind and memory, must be proved by the subscribing witnesses, and that upon these facts

In the Matter of Probate of Will of Dorothea Bonse.

no contest can be made by the production of evidence *aliunde*. The right to produce the testimony of other persons being limited to the matters named in the proviso, viz., fraud, compulsion or other improper conduct. Walker v. Walker, 2 Scam. 291; Andrews v. Black, 43 Ill. 256. Where a subscribing witness is dead, the substitute for his testimony, provided by the sixth section of the statute, is proof of his handwriting and such other secondary evidence as is admissible in courts of record to establish written contracts generally in similar cases. It thus seems, under the decisions above cited, that when the execution or acknowledgment of a will, and the sanity of the testator, is once established in either of the modes above mentioned, the only questions open to contest are those mentioned in the proviso in the second section of the statute.

In this case all the facts necessary to be established by the testimony of the subscribing witnesses were fully and satisfactorily proved by evidence entirely independent of the testimony of the deceased subscribing witness taken before the probate court. These facts being established and not open to controversy, we are unable to see how the admission of merely cumulative evidence tending to prove the same facts, though incompetent, could have prejudiced the contestant. The result was and could have been in no way affected.

In looking through the evidence of said witness we find nothing which could have any material bearing upon the questions open to contest, and which were being contested. The only statement upon which any doubt can arise is the one in which the witness says he thought that the testator knew the contents of the will when she signed it, because she said she did. But it should be remembered that one of the facts to be established by the subscribing witnesses, and which for that very reason is not open to contest by the evidence of other witnesses, is, that the testator acknowledged the instrument to be her act and deed. Such acknowledgment implies, as a necessary element, an admission that the testator knows the contents of the instrument, for if she does not it can not be properly said to be her act and deed. Proof, then, of an admission by the testator that she knew the contents of the instrument,

added nothing to her acknowledgment, and was really a part of it.

But we think it very doubtful, to say the least, whether the evidence introduced by the contestant was sufficient to raise any issue of fraud, compulsion or other improper conduct. All that was shown was, that the testator, at the time of the execution of the will, was in a state of partial intoxication, and that she had a very imperfect knowledge of the English language. But there seems to be no evidence that those circumstances were taken advantage of by any one, or that any attempt was made to deceive her as to the contents of the instrument or to obtain her signature through fraud, compulsion or other improper conduct. The soundness of her mind and memory, as we have seen, was not open to contest, and so far as evidence of her intoxication bore upon that question, it could not be considered. To establish fraud, compulsion or other improper conduct, it was necessary for the contestant to go further, and show that the condition of the testator as to intoxication, or her ignorance of the language in which the will was written, was taken advantage of in some way to induce her to sign the will. But, as we have said, there seems to be an entire absence of evidence tending to show anything of that kind.

Emma Bonse, a daughter of the testator, and a legatee under the will, was offered as a witness by the contestant, and on objection by the proponent, her evidence was excluded. We think her evidence was properly excluded. All the matters which the contestant proposed to prove by said witness related to facts occurring prior to the death of the testator. The witness was interested both as legatee and heir, but her interest was by no means equally balanced. As legatee, her interest was in favor of sustaining the will, but as heir it was adverse to the will. By the will the entire estate of the testator was devised to the testator's husband for life, and at his death it was to be divided equally between the testator's four children. The preponderance of the witness' interest was in favor of defeating the will, since in that case she would take one fourth of the estate at once as heir, subject only to the

dower interest of the testator's surviving husband. Her interest, then, being adverse to the will, she was clearly incompetent under the statute.

As we perceive no error in the record, the judgment will be affirmed.

Judgment affirmed.