LANGFORD R. GREENE

*v.*

BURTON A. HITCHCOCK.

*Opinion filed June 14, 1906—Rehearing denied October 11, 1906.*

1. WILLS—*what interrogatories in deposition of subscribing witness are improper.* Interrogatories in the deposition of a subscribing witness inquiring whether he would have signed the instrument except in the presence of the testatrix and whether all the things mentioned in the attestation clause were complied with, which clause recited the doing of the things required by the statute ·to make a valid will, are improper, and the interrogatories and answers should be suppressed.

2. SAME—*evidence is limited to testimony of subscribing witnesses on appeal to circuit court.* On appeal to the circuit court from an order of the probate court admitting a will to probate, the only evidence that can be considered is that of the subscribing witnesses to the will, but on an appeal by the proponents from an order denying probate a different rule prevails.

3. SAME—*what is not sufficient to entitle a will to probate.* A will is not entitled to probate where one of the subscribing witnesses does not testify that he saw the testatrix sign the will or that she acknowledged it to be her act and deed, his only competent testimony being that he could not remember whether the testatrix or any one else was present when he signed his name, or whether he signed at the request of the testatrix, although it was his impression that he did, and that the will and signature thereto were in the handwriting of the testatrix.

APPEAL from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

WINSLOW EVANS, and JUDSON STARR, for appellant.

SHEEN, MILLER & DAVID, for appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

On February 25, 1905, the probate court of Peoria county admitted to probate a written instrument as and for the last will and testament of Phebe Rose, deceased. Langford R. Greene, a brother and one of the heirs-at-law of said deceased, appealed to the circuit court of Peoria county, where an order was also entered admitting said will to probate. This appeal is prosecuted by Greene from the order of the circuit court.

Phebe Rose departed this life at Dunlap, in Peoria county, on September 14, 1904. The instrument in question is dated May 5, 1888. The names of Norman H. Silliman and Emily Silliman are signed to an attestation clause, which recites that the said instrument was "signed, sealed, published and declared by Phebe Rose as and for her last will and testament in the presence of us, who, in the presence of the said testator and at her request and in the presence of each other, have signed our names as witnesses," etc. This attestation clause immediately follows the signature of Phebe Rose to the will.

Norman H. Silliman and Emily Silliman were residents of Boulder, Colorado, at the time the proceedings were had in the probate court and circuit court to probate this will. On February 7, 1905, being prior to the hearing in the probate court, their depositions were taken by the proponent upon written interrogatories with the will attached.

The testimony of Norman H. Silliman, as contained in his first deposition, is to the effect that he signed his name to

the attestation clause as a witness to the will; that it is his impression that he did this at the request of Phebe Rose, but does not distinctly remember; that Phebe Rose was present, but he cannot remember anyone else being present; that he cannot now remember whether Phebe Rose saw him sign his name, nor whether he (the witness) saw Phebe Rose sign her name to the instrument; that he cannot say who were present when Phebe Rose signed her name, as he does not know; that her mind and memory were excellent during all the time he knew her. This is the extent of the testimony given by this witness in the deposition above referred to.

On November 6, 1905, after the appeal had been taken to the circuit court, the depositions of the two subscribing witnesses were re-taken by proponent, upon oral interrogatories, under a *dedimus potestatem* issued out of the circuit court. Appellant did not attend the taking of these depositions.

At the taking of his second deposition Norman H. Silliman testified that he was acquainted with the handwriting of Phebe Rose; that the instrument in question was in her handwriting, as was also her name at the end of the instrument; that the signatures at the end of the attestation clause are those of himself and wife, Emily Silliman; that he does not remember the occasion of signing his name to the instrument; that he collected notes and rents for Mrs. Rose between 1880 and 1885 and thereafter prepared a deed for her; that he was in the grain and lumber business at Dunlap; that he advised Mrs. Rose in business affairs up to the time he left Dunlap, in 1894; that he had some knowledge of the requirements of the law about signing and witnessing wills before he left Dunlap; that he wrote a number of wills for other persons between 1885 and 1890, and at times witnessed wills; that he would not have signed the instrument in question except at the request of Phebe Rose. The remainder of the deposition, except interrogatory 42, which inquires why the witness' signature appears heavier than the

others and why it appears to be in a different ink, is as follows:

"Q. 41. You may state whether or not you would have signed the same as one of the witnesses thereto except in the presence of Mrs. Phebe Rose?—A. I would not; nor would I have signed it except in the presence of the other witness. I was very careful about such .things. I knew she would either have to sign the will in my presence or acknowledge it to be her signature."

"Q. 43. From your knowledge concerning the making and attesting of wills under the laws of Illinois and from your methods of doing business with reference to them, what is your best judgment now whether or not the things mentioned in the attestation clause of the same instrument testified by you were, as a matter of fact, in every respect complied with?—A. They were, to the best of my knowledge and belief."

Before the trial in the circuit court appellant made a motion, in writing, to suppress the depositions taken on November 6, 1905, and to suppress certain interrogatories and answers therein contained, among which were interrogatories 41 and 43 propounded to Norman H. Silliman and the answers thereto, which are above set out. The circuit court denied this motion.

At the hearing in the circuit court the proponent offered in evidence the depositions of Norman H. Silliman and Emily Silliman taken on February 7, 1905, which had been used in the probate court, and also offered the depositions of the same persons taken on November 6, 1905. These depositions were admitted in evidence by the court over the objection of appellant, and constituted all the evidence heard by the circuit court on the trial of this cause.

The testimony of Emily Silliman complies with all the requirements of the statute.

The principal contention of appellant is, that the testimony of Norman H. Silliman does not meet the require-

ments of the statute in regard to the proof necessary to establish a will upon appeal from an order of the county court admitting it to probate, where two of the subscribing witnesses are living. In this connection it is also urged by appellant that certain interrogatories, and answers thereto, contained in the second deposition of Norman H. Silliman, which were specifically objected to by appellant before the trial, should have been suppressed. Interrogatories 41 and 43, and the answers thereto, were among those to which objection was made. Interrogatory 41 inquires of the witness whether or not he would have signed the instrument in question as a witness thereto except in the presence of Phebe Rose. It is evident that this question was improper, because it does not call for any statement of fact relative to the execution or attestation of the instrument in question. To ask a witness whether or not he would have done a certain thing except in a certain manner is manifestly not equivalent to inquiring of the witness whether he did do the act in that manner. Neither is the answer of the witness that he would not have signed the instrument except in the presence of Phebe Rose, and that he knew that Phebe Rose would either have to sign the will in the presence of the witness or acknowledge it to be her signature, equivalent to stating that his signature was attached to the instrument in the presence of Phebe Rose, and that she either signed or acknowledged it to be her act and deed in the presence of the witness. The fact that the witness knew that Phebe Rose would have to sign the will in his presence or acknowledge it to be her signature is no proof whatever that either was in fact done. The statute requires the witness to swear that certain things were done,—not that the witness knew that certain things were required by law.

Interrogatory 43 inquires of the witness whether all the things mentioned in the attestation clause hereinabove set out were done. Inasmuch as the attestation clause recited the doing of those things which are required by the statute

in order to make a valid will, it would seem that the question could be no more objectionable had the attention of the witness been directed to section 2 of the statute on wills, and the question asked whether that section had been fully complied with in the execution and attestation of the instrument. Whether or not the things mentioned in the attestation clause, being those required by the statute, had been complied with, was for the court to decide from the testimony of the two subscribing witnesses, and it was improper to ask the witness to give his conclusion in regard thereto.

The motion to suppress the 41st and 43d interrogatories, and the answers thereto, contained in the deposition of Norman H. Silliman, should have been sustained.

It only remains to consider whether the other evidence given by this witness meets the requirements of the statute.

Section 2 of chapter 148, Hurd's Revised Statutes of 1905, provides that all wills "shall be reduced to writing, and signed by the testator or testatrix, or by some person in his or her presence, and by his or her direction, and attested in the presence of the testator or testatrix, by two or more credible witnesses, two of whom, declaring on oath or affirmation, before the county court of the proper county, that they were present and saw the testator or testatrix sign said will, testament or codicil, in their presence, or acknowledged the same to be his or her act and deed, and that they believed the testator or testatrix to be of sound mind and memory at the time of signing or acknowledging the same, shall be sufficient proof of the execution of said will, testament or codicil, to admit the same to record."

It has been frequently decided by this court that upon an appeal to the circuit court from an order of the county court admitting a will to probate, the only evidence that can be considered is that of the subscribing witnesses to the will. (*Andrews* v. *Black*, 43 Ill. 256; *Weld* v. *Sweeney*, 85 id. 50; *In the Matter of Noble*, 124 id. 266; *Hobart* v. *Ho-*

*bart,* 154 id. 610.) This court has also held that upon such appeal the circuit court is governed by the provisions of section 2, *supra,* as regards the evidence necessary to entitle a will to be probated. (*Walker* v. *Walker,* 2 Scam. 291.) This section requires that two of the attesting witnesses shall declare, on oath or affirmation, either that they were present and saw the testatrix sign the instrument, or that the testatrix acknowledged the same to be her act and deed, before the instrument can be admitted to probate. On an appeal by proponents from an order of probate court denying probate a different rule prevails. *Thompson* v. *Owen,* 174 Ill. 229.

Norman H. Silliman does not testify, in either of his depositions, that he was present and saw Phebe Rose sign the instrument in question, nor does he testify that she acknowledged it to be her act and deed. He does not testify to these matters directly or indirectly, unless it can be said that his answers to interrogatories 41 and 43 in his second deposition indirectly establish that the instrument was either signed by Phebe Rose in the presence of the witness or she acknowledged the instrument to be her act and deed. As those interrogatories and answers should have been suppressed they cannot be invoked to aid the remainder of the testimony of this witness.

The evidence of Norman H. Silliman, for the reasons above stated, does not meet the requirements of the statute in regard to the proof required in cases of this character, and neither the recitals in the attestation clause nor the testimony of the other subscribing witness can supply the deficiency in his testimony which we have herein pointed out.

The order of the circuit court will be reversed and the cause will be remanded to that court.

*Reversed and remanded.*