FRANK W. STUKE

*v.*

JOHN G. GLASER.

*Opinion filed October 23, 1906.*

1. WILLS—*section 13 of Statute of Wills does not apply to contestants.* Section 13 of the Statute of Wills, which permits the proponents, on appeal to the circuit court, to establish the will by any evidence competent to establish a will in chancery, does not apply to the contestants; and as respects the question of testamentary capacity, both parties are confined to the testimony of the subscribing witnesses.

2. SAME—*the contestants may introduce any competent evidence to show fraud.* Upon application to the county court to admit a will to probate or upon appeal from an order of the county court admitting a will to probate, the contestants may introduce any competent evidence for the purpose of invalidating the will upon the ground of fraud, compulsion or other improper conduct.

3. SAME—*what not admissible as tending to show fraud.* The fact that the testatrix was in a comatose condition at the time it is claimed she signed the will cannot be shown by witnesses other than the subscribing witnesses, upon application to the county court for probate nor upon appeal to the circuit court, where it is not claimed such condition was brought about by some person as a trick to obtain her signature, since a comatose condition resulting from disease would go to the question of testamentary capacity, upon which the parties are limited to the testimony of the subscribing witnesses.

APPEAL from the Circuit Court of Cook county; the Hon. M. W. PINCKNEY, Judge, presiding.

WILLIAM PRENTISS, for appellant.

MARION PICKETT, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Emelie Link, a widow seventy-eight years of age, died at her residence in Chicago, where she appears to have been living alone, September 26, 1900. She left no children nor

descendants of children. She was possessed of real and personal property of the value of about $7000, and on the 24th day of September, 1900, made a will disposing of her property, and another one on the 25th day of the same month, which was the day before she died. The wills are indentical, except that in the first will the bequest to William Rickart is in the tenth clause and in the last one it is in the fourth clause, and no executor is named in the first will while appellee, John G. Glaser, is made executor in the last one. In each of the wills, after disposing of about one-half of her property, the testatrix devised and bequeathed the remainder of her estate to appellee and his wife, Margaretha. Both wills were written by Joseph H. Muhlke, a lawyer, and witnessed by him and Oscar R. Ellison, and after their execution were retained by said Muhlke until the third day of January, 1901, when he filed them in the probate court. No steps appear to have been taken to have either of the wills probated until November 25, 1903, when, on the application of appellee, the will dated September 25 was admitted to probate and letters testamentary issued to him. From the order admitting said will to probate Frank W. Stuke appealed to the circuit court, where, upon a hearing, that court held that the will was entitled to probate and entered a judgment accordingly, from which judgment this appeal is prosecuted.

In the view we take of this case it will not be necessary to discuss the errors assigned upon the rulings of the court in refusing to admit in evidence certain documents offered at the trial by appellant to show what had been done with reference to the property of the testatrix after her death and before the will was admitted to probate and letters testamentary issued. The rights of the parties here depend entirely upon whether the contestant offered any comeptent evidence on the trial to invalidate the will.

The second section of the chapter on wills (Hurd's Stat. 1905, p. 2050,) requires that wills shall be witnessed by two

or more credible persons, "two of whom, declaring on oath or affirmation, before the county court of the proper county, that they were present and saw the testator or testatrix sign said will, testament or codicil, in their presence, or acknowledge the same to be his or her act and deed, and that they believed the testator or testatrix to be of sound mind and memory at the time of signing or acknowledging the same, shall be sufficient proof of the execution of said will, testament or codicil, to admit the same to record: *Provided,* that no proof of fraud, compulsion or other improper conduct be exhibited, which in the opinion of said county court, shall be deemed sufficient to invalidate or destroy the same."

It will be seen from the section of the statute above quoted in part, that on the hearing of the application in the county court to admit the will to probate, upon the subject of the testamentary capacity of the testator, no evidence can be heard on either side except that of the subscribing witnesses to the will. This has always been the construction placed upon that statute by this court. *Andrews* v. *Black,* 43 Ill. 256; *Walker* v. *Walker,* 2 Scam. 291; *O'Brien* v. *Bonfield,* 213 id. 428.

The thirteenth section of the chapter on wills reads as follows: "When the probate of any will and testament shall have been refused by any county court, and an appeal shall have been taken from the order or decision of such court refusing to admit such will to probate, into the circuit court of the proper county, as provided by law, it shall be lawful for the party seeking probate of such will, to support the same, on hearing in such circuit court, by any evidence competent to establish a will in chancery; and in case probate of such will shall be allowed on such appeal, it shall be admitted to probate, liable, however, to be subsequently contested, as provided in the case of wills admitted to probate in the first instance." The fourteenth section provides for appeals from the order of the county court allowing or disallowing probate of a will to the circuit court by any

person interested in the will, the trials of such appeals to be *de novo.* By said thirteenth section, where the appeal is from an order of the county court refusing to admit the will to probate "the party seeking probate of such will" is not limited on the trial of such appeal to the subscribing witnesses to the will, but may support the same "by any evidence competent to establish a will in chancery." But this section has no application to the contestants, and upon the trial of the appeal they are still limited, on the subject of the testator's mental capacity to make a will, to the subscribing witnesses. (*Illinois Masonic Orphans' Home* v. *Gracy,* 190 Ill. 95; *Heirs of Critz* v. *Pierce,* 106 id. 167; *In re Estate of Arrowsmith,* 206 id. 352.) On appeals from the county court to the circuit court from an order admitting a will to probate the rule is the same as it is in the county court, and both parties are confined, on the subject of testamentary capacity, to the testimony of the witnesses to the will. (*Crowley* v. *Crowley,* 80 Ill. 469; *Weld* v. *Sweeney,* 85 id. 50; *In the Matter of Noble,* 124 id. 266; *Hobart* v. *Hobart,* 154 id. 610.) Upon an application in the county court to admit the will to probate, or upon an appeal from an order of said court admitting the will to probate, the contestants may introduce any competent testimony for the purpose of invalidating the will on the ground of "fraud, compulsion or other improper conduct." *Andrews* v. *Black, supra; Duncan* v. *Duncan,* 23 Ill. 306; *Heirs of Critz* v. *Pierce, supra.*

Appellant and his brother, Frederic Frank Stuke, were the only children of a deceased brother of the testatrix, and would have inherited from her had she died intestate. On the trial of the appeal in the circuit court appellant offered to prove by himself, his brother, Frederic Frank Stuke, and each of their wives, that during all of the 24th and 25th of September they were with Mrs. Link a great deal of the time, the wives of the Stukes at the time one or both of the wills were signed, and that she was in a comatose condition and unable to recognize any one or to transact or under-

stand any kind of business. The trial court held these witnesses were incompetent under the statute, and it is not seriously insisted by appellant that this was erroneous. The court properly held them to be incompetent witnesses.

Appellant also offered to prove the same condition of Mrs. Link on the days mentioned, by Dr. Hessert, who treated her during her last illness, and by Oliver Nelson and his wife, each of whom saw her a number of times during those days. Counsel for appellant stated to the court: "I offer this upon the ground that she being in that condition that it establishes fraud,—one of the elements of fraud in the execution or the purported execution of this paper. That is the ground I offer it on." It was not claimed that these witnesses were present at the time either of the wills was alleged to have been signed by Mrs. Link. The trial court held the testimony incompetent and refused to allow the witnesses to testify. We think the ruling of the trial court was correct, not because the witnesses were not present when the will was signed, but because the evidence was incompetent on an application to admit the will to probate, either in the county court or on the trial on appeal to the circuit court. It is not claimed the unconscious condition of Mrs. Link was produced by any one for the purpose of procuring the will, but her condition appears to have resulted from her disease. The "fraud" permitted to be proven to invalidate the will in a proceeding to admit it to probate was not intended to embrace the testamentary capacity of the testator. It relates to such conduct as a trick or device by which a person may be induced to sign the paper under the impression it is something else, or to the alteration of the will after it is signed, or the substitution of another paper for part of the will after it has been signed, and matters of like character. While it would be a fraud to procure a signature to a will by a person who was known to be in an unconscious condition from disease and incapable of voluntary and intelligent action, it is not the character of fraud in-

tended by the statute. If it were, then in any case where it was claimed the testator was of such unsound mind as to be incapable of executing a will, and was known to be so by the witnesses to it, it would authorize a full investigation in the county court, upon an application to admit the will to probate, of testamentary capacity. Determining whether the witnesses knew the party signing the will was insane or of unsound mind would also require an investigation and determination of whether the party was, in fact, insane. To prove the witnesses knew the testator had not sufficient mind to make a will it must first be proven that he did not have testamentary capacity. Manifestly this is not within the meaning of the statute relating to the procedure in the admission of wills to probate. The proponents of the will are bound by the final judgment in the proceeding to admit it to probate. If that judgment is against the will they have no further remedy. But this is not so with the contestants. They are not concluded by the judgment in the proceeding to admit the will to probate, but may, within the time limited by the statute, file a bill in chancery to contest the will, and upon the hearing in that proceeding introduce any competent evidence to prove unsoundness of mind and lack of testamentary capacity. It was never intended that the contestants should be permitted in the county court to offer testimony, other than that of the witnesses to the will, upon the subject of testamentary capacity, and then, if defeated, relitigate the same question by a bill in chancery. The thirteenth section of the statute referred to expressly confers the right upon those resisting the probate of the will to contest it in chancery if it is admitted to probate. (*Heirs of Critz* v. *Pierce, supra; Andrews* v. *Black, supra.*) The testimony offered by appellant would be entirely competent on a bill in chancery to contest a will. It was not competent in a proceeding to admit the will to probate, and the court properly refused to admit it.

The judgment is affirmed.        *Judgment affirmed.*