## Louisa Schaefer et al., Appellants, v. M. W. Schaefer et al., Appellees.

1. WILLS, § 128*—*when question of undue influence cannot be raised*. The question of undue influence cannot be raised upon the presentation of a will for probate.

2. WILLS, § 139*—*what evidence admissible on hearing on presentation of will for probate*. Evidence in regard to undue influence was improperly admitted at the hearing upon the presentation of the will in question to probate, and the proof should have been confined to the questions provided for by the statute in the case of an application for the admission of a will to probate.

3. WILLS, § 163*—*how question of undue influence can be raised*. The question of undue influence in procuring the execution of a will can only be raised by bill in chancery as provided by the statute on wills (J. & A. ¶ 11542 *et seq.*).

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1919. Reversed and remanded. Opinion filed November 7, 1919.

LOUIS P. ZERWICK, for appellants.

AUGUST BARTHEL, guardian *ad litem*, for appellees Louis Poos and Emil Poos.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Jacob Schaefer died at Lebanon, Illinois, on July 15, 1918, leaving an instrument offered by appellants as his last will and testament in which M. W. Schaefer was named as executor. At the time of his death he was over 80 years of age. He left as his heirs five children, M. W. Schaefer, Lorena Schmidt, Frederick Schaefer, Jacob Schaefer and Adam Schaefer, and eight grandchildren, Walter Poos, Nora Poos, Louisa

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Poos, Minnie Poos, Katie Poos, Emil Poos, Jacob Poos and Louis Poos, the children of Margaret Poos, a deceased daughter.

Jacob Schaefer in his lifetime accumulated considerable property. At one time he made a will devising to each of his six children a farm, making the devises equal by means of bequests, but the management of his farm proving a burden, he subsequently conveyed a farm to each of his children, adjusting the difference in value by gifts in money. Some time after those conveyances were made, his daughter, Margaret Poos, died. At the time of his death and for some time prior thereto Jacob Schaefer was living with his son and daughter-in-law, Adam Schaefer and Louisa Schaefer. He was a cripple, being unable for some months prior to his death to leave his room, and they gave him proper care and attention. On February 15, 1918, Jacob Schaefer had prepared an instrument in the form of a will disposing of the remainder of his estate, which consisted of about $5,000 in personal property. In it he gave Louisa Schaefer, appellant, a child's share. On April 23, 1918, the instrument in question was prepared in which he bequeaths to appellant, Louisa Schaefer, $1,000, to each of the Poos grandchildren, $5, and distributes the remainder equally among his five children. The last instrument was filed in the Probate Court of St. Clair county as was also a petition asking for the probate of the same. The court appointed August Bartlett guardian *ad litem* for Louis Poos, a minor, and Emil Poos, a soldier in the military service of the United States, defendants. On the hearing in that court the court entered the following order: ''The court finds that Jacob Schaefer, deceased, the testator, was unduly influenced at the time of making said will; whereupon it is ordered by the court that the probate of said will be, and the same hereby is, denied, and that the petition to probate the said will be and the same hereby is, dismissed.''

An appeal was taken to the Circuit Court by Adam Schaefer and Louisa Schaefer where the court entered judgment "that the will be not admitted to probate and judgment against Louisa and Adam Schaefer for costs." While the order in the Circuit Court does not set forth the grounds upon which the probate of the will was denied, yet it appears from the record that the question of undue influence alleged to have been exercised over the testator by Louisa and Adam Schaefer in procuring the execution of the will was the only question considered, and it is stated in the brief filed in this court for the minor appellees that it appeared to the satisfaction of the Circuit Court from seeing the witness and hearing the testimony that said document was procured to be signed by said Jacob Schaefer by reason of undue influence and was not his last will and testament, and probate was therefore denied.

The only question presented here in the briefs is also the question of undue influence. It therefore is manifest that the whole proceeding has been treated as a contest of the will on account of undue influence exercised upon the testator in procuring it to be made. A will cannot be contested upon the ground of the use of undue influence in this manner. The statute on wills (J. & A. ¶ 11542 *et seq.*) provides for the contest of wills by bill in chancery, and in no other way can the question raised here be determined. In the case of *Stuke v. Glaser,* 223 Ill. 316, where it was sought to raise the question of testamentary capacity upon the presentation of a will for probate, it was said by our Supreme Court: "The 'fraud' permitted to be proven to invalidate the will in a proceeding to admit it to probate was not intended to embrace the testamentary capacity of the testator. It relates to such conduct as a trick or device by which a person may be induced to sign the paper under the impression it is something else, or to the alteration of the will after it is signed,

or the substitution of another paper for part of the will after it has been signed, and matters of like character. While it would be a fraud to procure a signature to a will by a person who was known to be in an unconscious condition from disease and incapable of voluntary and intelligent action, it is not the character of fraud intended by the statute. If it were, then in any case where it was claimed the testator was of such unsound mind as to be incapable of executing a will, and was known to be so by the witnesses to it, it would authorize a full investigation in the County Court, upon an application to admit the will to probate, of testamentary capacity. Determining whether the witnesses knew the party signing the will was insane or of unsound mind would also require an investigation and determination of whether the party was, in fact, insane. To prove the witnesses knew the testator had not sufficient mind to make a will it must first be proven that he did not have testamentary capacity. Manifestly this is not within the meaning of the statute relating to the procedure in the admission of wills to probate.   *   *   *   It was never intended that the contestants should be permitted in the County Court to offer testimony, other than that of the witnesses to the will, upon the subject of testamentary capacity, and then, if defeated, relitigate the same question by a bill in chancery.''

The same rule must necessarily be held to apply to an attempt to contest a will for undue influence as in this case. It is manifest therefore that all the evidence introduced on the trial in regard to undue influence was improperly admitted, and that the court should have confined the proof to the questions provided for by the statute in the case of an application for the admission of a will to probate.

The judgment of the Circuit Court will therefore be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*