(No. 18097.—Order affirmed.)
A. J. MAXWELL, Exr. *et al.* Appellees, *vs.* NELSON JACOB
*et al.* Appellants.

*Opinion filed June 22, 1927—Rehearing denied October 7, 1927.*

1. WILLS—*probate of wills is statutory proceeding.* The pro-
ceeding for the probate of wills is entirely statutory, and the kind
and quantity of evidence, the character and number of witnesses
and the facts to be proved are all specifically stated in section 2
of the act in regard to wills.

2. SAME—*in the circuit court the proponents may prove testa-
mentary capacity by other than the attesting witnesses.* On appeal
from an order of the county or probate court either allowing or
refusing probate of a will, the proponents are in the circuit court
neither limited to nor bound by the testimony of the subscribing
witnesses, and although such witnesses testify that they did not
believe the testatrix was of sound mind when they witnessed the
will the proponents may call other witnesses and prove testamentary
capacity by them; but the contestants are limited to the testimony
of the subscribing witnesses and the cross-examination of the other
witnesses offered by the proponents.

APPEAL from the Circuit Court of Whiteside county;
the Hon. WILLIAM T. CHURCH, Judge, presiding.

WARD, WARD & WARD, and VAN SANT & BESSE,
(LLOYD H. BROWN, and A. J. SCHEINEMAN, of counsel,)
for appellants.

LAWRENCE L. WINN, guardian *ad litem,* and JACOB
CANTLIN, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

Upon appeal from an order of the county court of
Whiteside county refusing probate of the will of Jennie
Jacob the circuit court ordered the will admitted to pro-
bate, and Nelson Jacob, her husband, and Archie S. Jacob,
an adopted son of the testatrix, have appealed.

The will was duly executed and attested by two wit-
nesses in the manner required by law, on July 25, 1925,

and the appellants do not question the sufficiency of the evidence to sustain the order appealed from in these particulars. Their appeal is based upon the proposition that on the application to admit a will to probate the question is whether the instrument offered was executed in accordance with the requirements of section 2 of the act concerning wills, and whether or not the testatrix was of sound mind and memory was of no importance; that no matter how insane she may have been at the time of executing the will, if the statute in regard to its execution has been complied with the instrument would be entitled to probate.

The attesting witnesses were two friends of the testatrix of long standing, who had lived near her, within from a mile to five or six miles, for many years and knew her well. On the hearing in the county court they testified that at the time of witnessing the instrument they did not believe the testatrix to be of sound mind, and on the hearing in the circuit court they were called by the proponents of the will and testified that it was their belief at the time of the execution of the will that testatrix was of unsound mind and it was still their belief. The proponents then called twelve other witnesses who testified in regard to the testatrix's mental condition. They included the lawyer who wrote the will, another lawyer who was called by the testatrix to her house for consultation in regard to her business, and others who had met her and conversed with her at various times, who stated their opinions, from their observation of her, that she was of sound mind. Three or four witnesses were also called and asked questions of minor importance. No evidence was offered by the contestants as to mental capacity, and none was admissible.

The appellants in their reply brief state their position to be that in order to entitle the will to probate it is necessary that the attesting witnesses swear that they believed the testatrix was of sound mind and memory, or that such facts, circumstances or admissions of the attesting witnesses shall

be proved as to justify the presumption that the attesting witnesses believed her to be of sound mind and memory. The proceeding for the probate of wills is entirely statutory, and the kind and quantity of evidence, the character and number of the witnesses and the facts to be proved are all specifically stated in section 2 of the act in regard to wills. Under that section it was held that the law required two witnesses to the will to prove that they were present and saw the testator sign the will or acknowledge it to be his act and deed, and that they believed him, at the time of such signing or acknowledgment, to be of sound mind and memory; that unless this was done no probate could be granted, and it was therefore manifest that no other witness could be introduced to establish what the law required should be proved by the subscribing witnesses alone. (*Walker* v. *Walker*, 2 Scam. 291; *Claussenius* v. *Claussenius*, 179 Ill. 545; *O'Brien* v. *Bonfield*, 213 id. 428.) The decision in the first of these cases was rendered at the June term, 1840. The legislature at its session in 1845 enacted that when the probate of a will had been refused in the probate court and an appeal had been taken to the circuit court, it should be competent for the party seeking probate of the will to support the same on the hearing in the circuit court by any evidence which would be competent in case probate of the will had been allowed and it were afterwards contested by a bill in chancery, and the will having been so proved upon appeal should be admitted to probate, liable, however, to be subsequently contested. (Rev. Stat. 1845, p. 596.) This act was under consideration in the case of *Andrews* v. *Black*, 43 Ill. 256, and it was held that its effect was to establish a new rule of evidence, under which, when probate of a will had been refused, other evidence on the question of insanity than that of the subscribing witnesses might be received, leaving the rule to stand, however, as decided in the *Walker case*, on the trial of appeals where probate had been allowed. The reason for the

distinction, which might at first seem purely arbitrary, was stated, that where probate had been allowed all persons interested were still granted five years within which to file a bill in chancery to set the will aside, under which proceeding the sanity of the testator, or any other proper question, might be raised and heard on any legitimate evidence, the probate not being conclusive; but where probate had been refused there was no proceeding to which persons claiming under the will could resort, and, except for the act of 1845, if the subscribing witnesses gave such testimony on the question of sanity as to induce a judgment against the will, the rights of such persons would be gone without redress, even though they could prove clearly by other witnesses, if permitted to use them, the sanity of the testator. This would be a great hardship, which it was thought might properly have led the court to hesitate before laying down the rule in the *Walker case.* But the rule having been laid down, the act of 1845 could not be regarded otherwise than a legislative recognition of it as a true interpretation of the statute, and the legislature proceeded to limit the rule by providing that the particular case in which the rule would work a hardship should not be within it. It was therefore held that under the act of 1845, on appeal from a judgment of the probate court admitting a will to probate, all testimony on the subject of sanity, except that of the subscribing witnesses, was properly excluded. Under that statute it has been uniformly held that in case the will was admitted to probate in the county court, both parties, on appeal, were limited, so far as the execution of the will and testamentary capacity were concerned, to testimony of the subscribing witnesses, with the privilege to contestants to offer proof of fraud, compulsion, or other improper conduct sufficient to invalidate the instrument as a will. *Andrews* v. *Black, supra; Crowley* v. *Crowley,* 80 Ill. 469; *Weld* v. *Sweeney,* 85 id. 50; *Critz's Heirs* v. *Pierce,* 106 id. 167; *Bice* v. *Hall,* 120 id. 597; *In re Estate of Arrowsmith,* 206

326–30

id. 352; *In re Noble,* 124 id. 266; *Greene* v. *Hitchcock,* 222 id. 216; *Hill* v. *Kehr,* 228 id. 204; *Speer* v. *Josenhans,* 274 id. 237.

In 1909 the legislature removed the distinction between cases in which probate of a will had been allowed and those in which probate had been refused, by amending section 13 of the act in regard to wills so as to permit the proponents, in all cases of appeal from an order either admitting or denying probate, to introduce any evidence on the question of sanity of the testator competent to establish a will in chancery; but the section has no application to contestants, who are still limited on the subject of the testator's mental capacity to make a will to the subscribing witnesses and the cross-examination of other witnesses offered by the proponents on that subject. The rule is now clearly established in this State that on appeal from an order of the county court to the circuit court allowing or refusing probate of a will the proponents are neither limited to nor bound by the testimony of the subscribing witnesses, while the contestants are limited to the testimony of the subscribing witnesses and the cross-examination of other witnesses offered by the proponents on the question of the mental condition of the testator. *In re will of Barry,* 219 Ill. 391; *Stuke* v. *Glaser,* 223 id. 316; *In re will of Simon,* 266 id. 304; *Hutchison* v. *Kelly,* 276 id. 438; *Mayer* v. *Schrenkler,* 286 id. 324; *Chandler* v. *Fisher,* 290 id. 440; *Oliver* v. *Oliver,* 313 id. 612; *Buerger* v. *Buerger,* 317 id. 401; *Shepherd* v. *Yokum,* 323 id. 328.

The appellants have insisted that in view of the failure of the attesting witnesses to testify that they believed the testatrix was of sound mind at the time of the execution of the will, and of their testimony that they believed then, and believed at the time of the hearing of the application for probate of the will, that she was not of sound mind, all other questions are immaterial. They have, however, argued the evidence in regard to the testatrix's mental ca-

pacity, contending that it shows conclusively such lack of capacity and inference of undue influence as to require the refusal of probate of the will; but it is unnecessary to review in detail the evidence of the dozen or more witnesses, including the attesting witnesses, who testified on the question of mental capacity. The witnesses were all examined in open court. The weight to be given to their evidence depended upon their intelligence, their acquaintance with the testatrix, the frequency and intimacy of their meetings with the testatrix, their opportunities for observation, their fairness, interest and feeling, and we do not disagree with the judgment of the court. The evidence justified his order admitting the will to probate, and it is affirmed.

*Order affirmed.*