# JOHN L. DORAN

*v.*

# CATHARINE MULLEN.

1. WILL—*when must be admitted to probate.* The statute has prescribed what is necessary to admit a will to probate, and courts have no power to superadd other conditions or dispense with any portion of those enumerated in the statute; nor has the court the slightest discretion. When a case is made, the court must admit the will to probate, and if the necessary proof is not produced, the court must reject the will.

2. SAME—*what is sufficient proof to admit to probate.* Where one of the witnesses testified that he saw the testator sign the will, and that he signed it at the request of the testator; and the other, that the testator's name was signed to it at the time he witnessed it, and both witnesses testified that they signed it and witnessed it in the presence of the testator and of each other, and that the testator was of sound mind and memory when they witnessed the instrument, and that he was at that time from forty-five to fifty years of age, the requirements of the statute were fully complied with, and the court had no power to reject the will.

3. The fact that a will bears date on the 20th day of the month, and the petition of the proponent of the will for letters of administration states that the testator died on the 17th of the same month, does not tend to prove that the will is a forgery. The more reasonable supposition is, that the proponent was mistaken as to the date of the death, or that a mistake was made in the date of the will.

4. EXAMINATION OF WITNESSES—*when leading questions may be asked.* It is discretionary with the court to permit leading questions to be asked, and when a witness is unwilling, or very ignorant, a fair administration of justice requires that such a course should be allowed.

5. SIGNATURE—*presumed to be affixed understandingly.* Where an instrument is found with a signature affixed to it, the presumption is, that the party signing it knew its contents, and there is no distinction in this respect between those who can and those who can not write.

6. MODE OF TRIAL—*can not be objected to by party consenting to it.* When the question of the probate of a will was, by consent of the contestant, submitted to the circuit court upon the evidence produced in the county court, instead of a trial *de novo*, he is bound by his consent, and can not assign the mode of trial as error on appeal to the Supreme Court.

7. EVIDENCE—*when not pertinent, may be rejected.* It is not error for the court to reject evidence which is not pertinent to the issue, considered by itself, and which is not followed up by any evidence which would make it pertinent.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. CHESTER KINNEY, and Mr. H. D. P. HOSIER, for the appellant.

Mr. T. A. MORAN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that one Michael Mullen departed this life some time in the month of October, 1871. Appellee thereupon filed a petition to the county court of Cook county, asking that John L. Doran be appointed administrator of the estate. The prayer of the petition was granted, and Doran gave bond and duly qualified and entered upon the discharge of his duties as such. A will purporting to have been executed and published by Mullen, in his lifetime, was subsequently discovered, and thereupon appellee filed a petition in the county court, praying that the letters of administration granted to Doran be revoked, and the will be admitted to probate. On a hearing in the county court, the will was admitted to probate, the letters of administration previously granted were revoked, and appellee was appointed administratrix, with the will annexed.

From this order Doran appealed to the circuit court, where, on a trial, the court found as did the county court, and the order of that court was affirmed, and Doran appeals to this court, and asks a reversal.

In the circuit court, the evidence of the witnesses heard on the trial in the county court was used by consent of the parties. From this evidence it appears that deceased signed the paper, and asked one of the witnesses to sign it, which he did. And the other witness says he was requested by Evans to sign it. They both testify that testator was present, and one of them that he saw him sign it, and the other that his name was signed to it when he witnessed it; that they wit-

nessed and signed it in his presence and in the presence of each other. They both testify that testator was of sound mind and memory when they witnessed the instrument. They also state that testator was from forty-five to fifty years of age at that time.

On this evidence we fail to perceive any reason why the will should not have been admitted to probate. The requirements of the statute were fully answered, and that being the case, the court had no power to reject the will. The statute has prescribed the rule, and its requirements must be obeyed. Courts have no power to superadd other conditions to the statute or dispense with any portion of those enumerated therein; nor has the court the slightest discretion, but must obey the statute. When a case is made, the court must admit the will to probate, and if the party fails to furnish the necessary proof, the court must reject the will. This is the plain duty of the court, that can not be ignored.

But it is urged that appellee, in both of her petitions, states that Mullen died on the 17th day of October, 1871, whilst the will bears date on the 20th day of that month. And appellant's counsel insist that this is evidence strongly tending to prove that the will was subsequently fabricated for fraudulent purposes, and to procure the revocation of the letters of administration. The more reasonable supposition is, that appellee was mistaken in the date of the death of her husband, or that a mistake was made in dating the will. It would be an unreasonable presumption to say that, because of this discrepancy in dates, the will must be a forgery. We do not see that it tends, in the slightest degree, to prove that fact. Had this inconsistency been pointed out on the trial below, it is more than probable that it could have been satisfactorily explained; but it was not, and it would be unreasonable to permit a party to lie by on the trial, and then raise such an objection for the first time in this court, and then give to it the effect now claimed.

It is also insisted that the court below erred in rejecting

the evidence of Wilder on the trial. He testified that he drew the will at the suggestion and by the dictation of Michael Evans; that it was written in Evans' beer saloon, and on a beer vessel, some time after the fire of October, 1871; that he had never seen or spoken to Mullen, and only wrote what Evans dictated to him, and he handed the paper to him. We regard it as a matter of no consequence whether this evidence was admitted or rejected, as it in nowise overcame the evidence of the two subscribing witnesses, whose evidence stands uncontradicted. They testify that this will was present when they became witnesses to its execution. One of them saw testator sign it, and the other saw it with his signature to it when he signed as a witness.

From these facts, if they are true, there can not be the possibility of a doubt that testator subsequently saw and signed the will, and the presumption is, that he adopted it as his will. If so, then it can not matter who dictated it, who wrote it, or when it was drafted. Evans was on the stand, and he was not interrogated as to whether he or any other person read the will to testator, or how long the will was prepared before it was executed. Had appellant intended to rely upon the will as being spurious, with much earnestness, he could have called Phalan, the other subscribing witness, and learned what he knew in reference to its execution. It is probable that, if the will was a forgery, evidence could have been found to establish the fact. But this record is barren of all such evidence.

It is urged that the court below erred in permitting appellee to ask the witnesses leading questions. Such a course of examination is discretionary with the court. Where a witness is unwilling, or very ignorant, the fair administration of justice requires that such a course be allowed. In this case we judge from the record that these witnesses were far from being persons well informed, if they were not really ignorant. If so, then the court below did not err in permitting leading questions to be put to them. The judge who

first tried the case saw the witnesses, and could better judge than we can, whether such a mode of examination was proper.

It is next urged that, inasmuch as testator signed the will by his mark, and as it was shown that Evans dictated it, it was not entitled to probate until the proponent proved that its contents were read to him. In the first place there is nothing in the evidence to show that testator could not read. The will is found with his signature to it, and the presumption is, that he did not sign it without knowing its contents. Such is the usual presumption in reference to all instruments, and we are aware of no distinction between persons who can and who can not write. Anciently, when but the few could write, and all persons executed instruments by attaching their private seal, the law presumed, when the execution of the instrument was proved, that the maker took the precaution to learn the contents before he executed it. And to avoid it, he was required to prove that it was a forgery. He was not permitted to escape its binding effect by merely showing he did not know its contents, although he, no doubt, might, by showing that it was falsely read to him.

It is objected that the trial was not *de novo*, but the circuit court tried the case on a review of the record from the county court. If this were true, appellant consented that it might be so tried. He consented that the evidence heard before the county court might be used on the trial in the circuit court. Having so consented, he can not now be heard to complain of the trial thus had, because he may now suppose that it would have been more to his satisfaction to have had the witnesses on the stand in the circuit court. He is bound by his consent, and will not be permitted to disclaim his own act. He objects that the court below rejected Wilder's evidence. That in nowise prejudiced him, as it did not tend to invalidate the will. Had it, however, been followed up by showing that the will was not, in fact, read to the testator, and that he was ignorant of its contents, and that he was in such a situation as to be readily imposed upon, or was in fact

imposed upon by designing persons, then his evidence would have formed an important link in the chain to invalidate the will. But, standing alone, it was not pertinent to the issue.

All the evidence considered, we think it was sufficient to entitle the will to be probated. Hence we see no error in the record, and the judgment of the court below must be affirmed.

*Judgment affirmed.*