FREDERICK W. HILL, Appellant, *vs.* THE CHICAGO TITLE AND TRUST COMPANY *et al.* Admrs.—(GEORGE THORNTON JENNINGS *et al.* Appellees.)

*Opinion filed June 16, 1926.*

1. WILLS—*when want of identity of attesting witness precludes probate of will.* Where the signature of one of two attesting witnesses is not legible and there is no evidence as to who he was or where he lived, the want of identity precludes the introduction of secondary evidence as provided in the statute, and the signature not being sufficiently proved the will cannot be probated as having been attested by two credible witnesses, notwithstanding the other attesting witness testifies to all the circumstances of the execution of the will by the testator and its attestation by both witnesses, except that he did not know the other witness and did not remember what name he signed. (*In re Page,* 118 Ill. 576, and *Slingloff* v. *Bruner,* 174 id. 561, distinguished.)

2. SAME—*what necessary to entitle will to probate.* To entitle a will to probate it must be in writing, signed by the testator or in his presence by someone under his direction, it must be attested by two or more credible witnesses, two witnesses must prove that they saw the testator sign the will or that he acknowledged the same to be his act and deed, and they must swear that they believed the testator was of sound mind and memory at the time of acknowledging the same; and these requirements are not changed by the death or removal of the witnesses, but such death or removal merely changes the form of the proof.

3. SAME—*proof of due execution of a will includes proof of proper attestation.* As a material part of the execution of a will is its attestation by two witnesses in the presence of the testator, proof of the due execution of a will does not consist, alone, of evidence of the signature of the testator but includes also evidence of its proper attestation.

4. SAME—*testimony of one witness, alone, is not sufficient to probate will.* Each fact material to the execution of a valid will, including its attestation, must be proved by the evidence of at least two witnesses or the equivalent thereof, as the provision of section 6 of the Wills act for the introduction of secondary evidence to prove the signature of any witness who for any statutory reason cannot be produced indicates an intention of the legislature that the testimony of a surviving witness, alone, is not sufficient.

APPEAL from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

ALDEN, LATHAM & YOUNG, DAVID, RAMSAY & KRACKE, JOSEPH KEIG, and JOHN E. SPOHN, for appellant.

CASTLE, WILLIAMS, LONG & CASTLE, CAMPBELL & FISCHER, FRANK W. SWETT, and EDGAR D. MOHAN, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Edwin B. Jennings, a resident of Chicago, Cook county, Illinois, died in that city October 31, 1923. On November 15, 1924, Frederick W. Hill, appellant, filed in the probate court of Cook county a petition, and on December 19, 1924, an amended petition, praying that a certain instrument of writing purporting to be the last will and testament of Edwin B. Jennings, deceased, be entered of record as such last will and testament. The probate court denied the prayer of the petition, and upon appeal by appellant to the circuit court of Cook county that court likewise entered an order denying the prayer of the petition, from which order appellant has perfected an appeal to this court.

The instrument of writing in question bears date April 12, 1923. It purports to be signed by Edwin B. Jennings and to be witnessed by Frank W. Cherry and by J. M. or J. W. Gordon, Golden, Garden, Gorder or Holden. The document, when presented to the court, had been badly crumpled, folded many times, creased, and bore many mutilating marks and tracings. For this reason the name of the second witness was almost illegible, but the weight of the evidence of the various experts in handwriting who testified on the subject is that the name was J. M. Gordon.

It is contended by appellees that the instrument in writing is spurious and that the purported signature of Edwin B. Jennings is a forgery, and they introduced considerable evidence in the circuit court tending to maintain that contention. Appellant contended that as the amendment of 1925 to the Wills act allowing proof of forgery in cases of this character did not go into effect until after the trial in the probate court, such evidence was incompetent. Appellant also denied the forgery, and introduced evidence tending to prove that the purported signature of Jennings was his true and genuine signature. In the view which we take of the evidence it is unnecessary to pass upon any of these contentions.

It is contended by appellees that the evidence as to the execution of the instrument was not sufficient to meet the statutory requirements to entitle it to be entered of record as a last will and testament. The question involved here is governed by sections 2 and 6 of the Wills act. The gist of these sections is as follows:

Section 2 provides: "All wills * * * shall be reduced to writing, and signed by the testator * * * and attested in the presence of the testator * * * by two or more credible witnesses, two of whom, declaring on oath or affirmation, before the county court of the proper county, that they were present and saw the testator * * * sign said will * * * in their presence, or acknowledged

the same to be his  *  *  *  act and deed, and that they believed the testator  *  *  *  to be of sound mind and memory at the time of signing or acknowledging the same, shall be sufficient proof of the execution of said will  *  *  * to admit the same to record."

Section 6 provides: "In all cases where any one or more of the witnesses of any will  *  *  *  shall die, be insane, be blind, or remove to parts unknown to the parties concerned,  *  *  *  it shall be lawful  *  *  *  to admit proof of the handwriting of any such deceased, insane, blind or absent witness  *  *  *  and such other secondary evidence as is admissible in courts of justice, to establish written contracts generally in similar cases; and may thereupon proceed to record the same, as though such will  *  *  * had been proved by such subscribing witnesses, in his, her or their proper persons."

Frank W. Cherry, whose name appears on the purported will as a witness thereto, testified to its due execution. The other person claimed to have been a witness was not produced upon the trial. An intensive effort was made, prior thereto, to ascertain his whereabouts. The city directories of Chicago and all the large cities were searched and letters of inquiry were sent to all addresses of persons whose names were apparently similar to that upon the document. Advertisements offering a reward of $1000 for his discovery were inserted in the leading newspapers. A statement of the facts of the case and offering a similar reward was broadcasted from two of the principal radio stations of Chicago. An associated press story was sent all over the United States. A list of the county clerks of the United States was made and a circular sent to each one with the suggestion that it be posted in the county building, that the post-master be consulted, and that it be noted in the local papers. A great many replies were received, and though they were all investigated the missing witness never materialized.

Frank W. Cherry testified that on some day in May or June, 1923, the date of which he could not give, Jennings and another man whom he did not know came to Hill's office at a time when Cherry was there alone; that Jennings asked if they could use the typewriter and some plain paper, after furnishing which witness went into an adjoining room; that while in the adjoining room he could hear the typewriter being used but could not hear the conversation; that after a short time Jennings asked him to come in and witness his signature; that no pen could be found and the stranger produced an indelible pencil; that all three signed the instrument in question in this suit with the same pencil, in the presence of each other; that he saw none of the typewriting but Jennings told him that it was his will; that he had never seen the other man before and never saw him afterward; that he was not introduced to the other man; that he does not know his name; that he could not swear to the name the other man signed but that he always thought it began with an M. There was no evidence whatever as to the identity of the missing witness or as to what his real name was.

The Wills act requires a will to be attested by "two or more credible witnesses." This court, in the case of *In re will of Noble,* 124 Ill. 266, defines "credible witnesses" as follows: " 'Credible witnesses,' as used in the statute relating to wills, has been construed, both in England and this country, to mean competent witnesses,—that is, such persons as are not legally disqualified from testifying in courts of justice by reason of mental incapacity, interest or the commission of crime, or other cause excluding them from testifying generally, or rendering them incompetent in respect of the particular subject matter or in the particular suit." The identity of the witness not having been shown it could not be determined whether he was a credible,—*i. e.,* a competent,—witness and not disqualified by mental incapacity, the commission of crime or other cause rendering

him an incompetent witness. Not being identified and it not being shown by the evidence what his real name was or where he lived, no basis is laid for the assumption that he has removed to parts unknown or that for other statutory reasons his evidence cannot be produced, so that secondary evidence may be admissible as provided by statute.

It is contended by appellant that a will may be proved by one of the attesting witnesses who can testify to all the facts necessary to establish the elements of a valid execution if upon diligent search the other attesting witness can not be produced in court, even though the signature of the missing attesting witness cannot be proven. Appellant relies as the basis for this contention upon *In re Page,* 118 Ill. 576, and *Slingloff* v. *Bruner,* 174 id. 561, wherein the *Page case* was cited with approval. The question here involved was not in the latter case at all. That was a suit in chancery, where the principal question involved was, as therein stated, the testamentary capacity of the testator, and it appears that the will was not proved by the testimony of one witness, only, but in the county court two attesting witnesses appeared and testified on the probate of the will, and while in the circuit court only one attesting witness testified, "there was also offered the certificate of the oath of the witnesses at the time of the first probate." The opinion expressly holds that in such a proceeding the certificate of the oath of the witnesses at the time of the first probate should be admitted as evidence and should have such weight as the jury should think it deserves, by express direction of the statute.

In the *Page case* the will had been duly attested by two witnesses, Tourtelotte and Fulton. Fulton died before the testator. The will could not be found at the death of the testator. Tourtelotte, the surviving witness, testified to the contents of the will and to its execution and produced a copy of the will, which gave all the property to the wife of the testator. Three of the children of the tes-

tator testified to conversations they had had with their father in which he stated that he had made a will and left his property to his wife, so that in the *Page case* the will was not proven by only one witness. The proceeding was for the purpose of establishing and proving the contents of a lost will and was begun after Page had been appointed administrator. Page appealed from the order probating the will, and the court was evidently satisfied that the testimony of the heirs-at-law, which was against their own interest, took the place of that of the deceased witness.

While in some jurisdictions, where the statutory requirements for the entry of a will of record differ from ours, it may be the ruling in general, as stated in the *Page case,* that the will may be established by one, only, of the attesting witnesses if he can testify to a compliance with the requirements relating to its execution, this is not the rule in this State. The only Illinois case cited as the basis for what is said on the subject in the *Page case* is *Doran* v. *Mullen,* 78 Ill. 342, which decision does not support it, as in the *Doran case* two subscribing witnesses testified, and the court, in commenting on the statutory requirements, said: "The statute has prescribed the rule, and its requirements must be obeyed. Courts have no power to superadd other conditions to the statute or dispense with any portion of those enumerated therein; nor has the court the slightest discretion, but must obey the statute. When a case is made the court must admit the will to probate, and if the party fails to furnish the necessary proof the court must reject the will. This is the plain duty of the court, that cannot be ignored."

In *Crowley* v. *Crowley,* 80 Ill. 469, the two attesting witnesses signed by mark and were unable to identify the instrument as the one they attested. O'Connell, the scrivener who drew the will, testified that the testator was of sound mind and that he executed the will in the presence of the two attesting witnesses. The testimony of this wit-

ness was not, however, corroborated by the evidence of any other. He, alone, testified to the execution of the will, and the court held this evidence not sufficient to show the execution of the will, and said: "The statute requires the evidence of two witnesses that they saw the testator or testatrix sign the will in their presence, or that he or she acknowledged the same to be his or her act and deed, before the will can be admitted to probate. This requirement of the statute cannot be dispensed with. While appellant was not bound to rely upon the evidence of the two witnesses who attested the will, yet the law is imperative that there must be the concurring evidence of two witnesses to authorize probate of the will." The *Crowley case* has been cited with approval in *Harrison* v. *Weatherby,* 180 Ill. 418, *In re Estate of Kohley,* 200 id. 189, *Hill* v. *Kehr,* 228 id. 204, *Schofield* v. *Thomas,* 236 id. 417, and *Stone* v. *Stone,* 281 id. 474.

The rule has been many times stated by this court that to entitle a will to probate four things must concur: The will must be in writing, signed by testator or in his presence by someone under his direction; it must be attested by two or more credible witnesses; two witnesses must prove that they saw testator sign the will or that he acknowledged the same to be his act and deed; and they must swear that they believed the testator was of sound mind and memory at the time of acknowledging the same. (*Dickie* v. *Carter,* 42 Ill. 376; *Crowley* v. *Crowley, supra; Canatsey* v. *Canatsey,* 130 Ill. 397; *In re Estate of Kohley, supra.*) These requirements are not changed by the death or removal of the witnesses, but such death or removal merely changes the form of the proof. *Hobart* v. *Hobart,* 154 Ill. 610.

The execution of a will does not consist, alone, of the signing of the instrument by the testator, but a material part of its execution is its attestation by two witnesses in the presence of the testator. Proof of the execution of a

322–4

will, therefore, does not consist, alone, of evidence of the signature by the testator, but evidence of its attestation is also a material part of the proof of its execution. It is manifest not only from the many decisions of this court but from a reading of the statute itself, that each fact material to the execution of a valid will must be proven by the evidence of at least two witnesses or the equivalent thereof. Had it been the intention of the legislature that the testimony of one subscribing witness who could testify to all the necessary facts would be sufficient in cases coming within the purview of section 6 there would have been no occasion for the provision in that section for the admission of proof of the handwriting of the deceased, insane, blind or absent witness and such other secondary evidence as is admissible in courts of justice to establish written contracts generally in similar cases. The insertion of this provision in section 6 is sufficient evidence that it was the intention of the legislature that evidence other than that of the one surviving witness must be introduced to prove each material fact of the execution of the will, including its attestation. In *Hill* v. *Kehr, supra,* in discussing the evidence necessary to entitle an instrument of writing to probate as a will the court said: "In determining that question it must not be forgotten that the whole subject is under legislative control, and that the statute has prescribed the exact conditions upon which an instrument shall be admitted to probate as a last will, testament or codicil. Courts have no right to dispense with any condition so prescribed or permit the substitution of something different."

The evidence in this case failing to meet the statutory requirements to entitle the purported last will and testament of Edwin B. Jennings to be ordered entered of record as his last will and testament, the order of the circuit court must be affirmed.    *Order affirmed.*