John F. Kimbark, Appellant, v. Alex Satas and Vytautas Galvydis, Appellees.

Gen. No. 51,532.

First District, Third Division.

September 28, 1967.

Samuel Nineberg and Alexander O. Walter, of Chicago (Samuel Nineberg, of counsel), for appellant.

Stiller and Strauss, and Irving S. Friedman, of Chicago (Irving S. Friedman, of counsel), for appellees.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from two orders entered by the Probate Division of the Circuit Court of Cook County. The first order admitted to probate a will of Walter Savickas dated June 4, 1964. The second denied probate to a prior will of Savickas dated September 15, 1961, and to a codicil to that will dated July 12, 1965. The sole question for our determination is whether or not that codicil revoked the 1964 will and revived the 1961 will.

The September 15, 1961 will was an extensive six-page disposition of Savickas's property. It bequeathed $1,000 to Walter Savickas, his son, $1,000 to Ksavera Savickas, $500 to Anton Savickas, a nephew, $500 to Melvina Savickas, a sister, $500 to John Kimbark, $100 to Stephanie Haehnel, and various other sums to various charities. It named John Kimbark, the appellant in this appeal, executor of the will.

The second will of Walter Savickas, executed on June 4, 1964, was a one-page printed form. It revoked all prior wills and codicils and bequeathed all of the testator's property to Alex Satas and Vytautas Galvydis, whom he named as executors. It does not appear that they were in any way related to the testator.

On July 12, 1965, Savickas executed a codicil which recited that it was "a first Codicil to my Last Will and Testament which bears date of the 15th of September, 1961." In it the testator referred to the 1961 will and revoked the bequest of $100 to Stephanie Haehnel. He

also recognized that four of the legatees in the 1961 will were "in Lithuania, a country behind the 'Iron Curtain,'" and gave the executor as trustee the sole power and discretion to make distribution to those beneficiaries. Finally, he recited, "I hereby confirm my said Will in all other respects." The codicil was properly signed and attested to by two witnesses.

Appellees contend that it does not revive the 1961 will because the testator did not express any clear intent to do so, and that even had he intended to revive the 1961 will, he failed to comply with the requirements of the Probate Act which specifically cover revivals. Section 46 of the Probate Act is the applicable Illinois statute concerning the revival of wills. At the time of the testator's death in 1965, the section read in pertinent part as follows:

"Ch 3, Sec 46.

"No will which is in any manner revoked shall be revived otherwise than by the re-execution thereof, or by an instrument in writing declaring the revival and signed and attested in the manner prescribed by this Article for the signing and attestation of a will."

Appellees contend that this section must be read literally with a strict interpretation being placed on the words "declaring the revival."

Appellant contends that the last clear intention of the testator was to revive the 1961 will and that he accomplished this by executing the codicil to that will.

The codicil is the last declaration of the testator's testamentary intentions. It is clear from that document that he considered the 1961 will to be his last will and testament. It begins by stating, "I, Walter Savickas, of Cicero, Illinois, hereby declare this to be a first

462

Codicil to my Last Will and Testament which bears date of the 15th of September 1961." It then makes specific references to the various provisions of the 1961 will and to certain named beneficiaries who are beneficiaries only in the 1961 will. It would make no sense whatsoever if the 1964 will, rather than the 1961 one, were taken to be the testator's intended last will. The only conclusion that can be reached is that at the time the testator executed the codicil, he intended that his property be distributed in accordance with the provisions of his 1961 will as amended by the codicil. It is equally clear that he intended that the 1964 will would be of no effect. That will purported to dispose of all of the testator's property, as did the 1961 will. As such the two are wholly inconsistent, and since the codicil is the last expression of the testator's intention, it must be concluded that he intended to revoke the 1964 will.

It remains to be determined whether he properly executed this intention in accordance with the statutory requirements. Section 46 of the Probate Act provides that a will which has been revoked may be revived in either of two ways—by reexecution or "by an instrument in writing declaring the revival and signed and attested in the manner prescribed by this Article for the signing and attestation of a will." The testator did not reexecute the will, but he did execute a codicil in the manner prescribed for the signing and attestation of a will. The only question is whether the codicil met the requirement of "declaring the revival." We can find no cases interpreting this portion of the statute. The Supreme Court of this state however had occasion to define what was necessary to "declare" a revocation of a will as required by section 17 of the old probate statute. In Lasier v. Wright, 304 Ill 130, 136 NE 545, at p 552, the court said:

"When a testator makes a will absolutely inconsistent with all other wills and declares it his last will and testament, such acts of necessity amount to a declaration that all former wills are revoked. The word 'declare,' as defined by the lexicographers, means primarily to make known; to make manifest; to make clear; to present in such a manner as to exemplify; to disclose; to reveal. The testator in this case, within the meaning of the statute, has declared a revocation of his former will by impliedly saying in every clause thereof that the will he was then executing was his will and his complete and only will. *It was not necessary to use express words in terms declaring such revocation.* The statute makes no such requirement." (Emphasis added.)

In the case before us not only did the testator make a codicil that was entirely inconsistent with anything but a revival of the 1961 will, but he also concluded by writing, "I hereby confirm my said Will in all other respects." Language could not be more explicit. This was the making of a new will wholly inconsistent with the prior 1964 will.

It is a cardinal rule in the construction of wills that the primary objective is to give effect to the testator's intention. Weber v. Hawkins, 30 Ill2d 278, 196 NE2d 695, 698; Carr v. Hermann, 16 Ill2d 624, 158 NE2d 770, 772; Glaser v. Chicago Title & Trust Co., 393 Ill 447, 66 NE2d 410, 414. The 1965 codicil revived the 1961 will, and the revival of the 1961 will republishes it as of the date of the codicil. Dunn v. Kearney, 288 Ill 49, 123 NE 105, 107; Hobart v. Hobart, 53 Ill App 133, 135, affirmed 154 Ill 610, 39 NE 581. Hence it is in effect a later will totally inconsistent with the 1964 will, and therefore it revokes that will. Ill Rev Stats, c 3, § 46 (1965).

The judgment is reversed and the cause remanded with directions to admit to probate the 1961 will and the codicil thereto and for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

SULLIVAN, P. J. and DEMPSEY, J., concur.