Estate of Peter T. Barrett, Deceased.
Continental Illinois National Bank and Trust Company of Chicago, a National Banking Association, Petitioner-Appellant Cross-Appellee, v. The First National Bank of Chicago, a National Banking Association, Petitioner-Appellee, and Myrtle Cornish Barrett, Heir and Legatee-Appellee Cross-Appellant.

Gen. No. 53,945.

First District.

April 17, 1970.

9

Witwer, Moran & Burlage, of Chicago (Samuel W. Witwer, John F. Atkinson and Edward J. FitzSimons, of counsel), for Continental Illinois National Bank and Trust Company of Chicago, appellant-cross-appellee.

Winston, Strawn, Smith & Patterson, of Chicago (George B. Christensen and John Alden Powers, of counsel), for First National Bank of Chicago, petitioner-appellee.

Law offices of Sidney C. Kleinman, of Chicago (Sidney C. Kleinman and F. William McCarty, of counsel), for cross-appellant, heir and legatee-appellee.

MR. PRESIDING JUSTICE CRAVEN delivered the opinion of the court.

This appeal is from orders entered in the Circuit Court of Cook County, County Department, Probate Division, admitting a 1962 will to probate, appointing The First National Bank of Chicago as executor, and denying probate to a 1948 will and a 1965 codicil thereto.

The last will of Peter T. Barrett, executed February 2, 1962, which stated that it revoked all previous wills, was admitted to probate. The orders denied probate of an earlier will of testator dated July 16, 1948, and of a codicil to that will dated August 17, 1965. The court appointed as executor the corporate executor and trustee named in the 1962 will.

The matters determinative of this appeal are whether the 1965 codicil was entitled to probate, and if so, whether it revived the 1948 will.

On July 16, 1948, testator Peter T. Barrett executed a last will which provided for establishment of a marital trust and a residual trust for the principal benefit of his widow. The marital trust was to consist of thirty-five percent of the adjusted gross estate and the residual trust the balance after payment of taxes, expenses and claims. Upon death of the widow, after certain possible gifts to her parents and decedent's daughter from the marital trust in default of appointment by the widow, the entire estate was to be distributed to nieces and nephews, or their descendants. The First National Bank of Chicago was designated executor and cotrustee.

Testator, on February 2, 1962, executed another will, stating that it revoked all previous wills. This will provided for certain specific bequests and for a marital trust of thirty-five percent of the adjusted gross estate and a residual trust, both for the widow. It differed from the 1948 will in providing for possible discretionary payments during the lifetime of the widow to testator's sister, brother, nieces and nephews, and for ultimate distribution to such nieces and nephews, their spouses, or their descendants living 21 years after the death of decedent's widow. The wife's parents were omitted and the married name of the adopted daughter was used. The adopted daughter was omitted as a contingent beneficiary of certain property and of the marital deduction trust. Certain changes were made by including the interest in a cooperative apartment and by changes in certain income payments. The First National Bank of Chicago again was designated executor and trustee.

On August 17, 1965, testator executed a codicil to his July 16, 1948, will, stating in the first paragraph of such

11

codicil: "I, PETER T. BARRETT, of Chicago, Illinois, do hereby declare this to be the First Codicil to my Last Will and Testament, dated and executed by me on July 16, 1948." By this codicil he substituted the Continental Illinois National Bank and Trust Company of Chicago for The First National Bank of Chicago as executor and trustee. The codicil referred to a certain provision of the 1948 will and provided for proportionate distribution of assets between the marital and residual trusts (no such provision being in either the 1948 or 1962 instruments). The final provision of the codicil stated that the testator ratified and confirmed all other provisions of his "said Last Will and Testament as amended and revised herein."

The two wills and codicil were filed for admission to probate and proof of proper execution and attestation was made. The court entered orders denying probate of the 1965 codicil and the 1948 will and admitted the 1962 will to probate. The First National Bank of Chicago was appointed executor. Subsequently an order was entered appointing the Continental Illinois National Bank and Trust Company of Chicago as administrator to collect pending disposition of this appeal. The widow and daughter of testator join as proponents of the 1965 codicil and 1948 will.

Section 46 of the Probate Act (Ill Rev Stats 1967, c 3, par 46), as amended in 1957, governs the revival of revoked wills as pertains to this case. That section provides in part as follows:

> "A will which is totally revoked in any manner shall not be revived other than by its re-execution, or by an instrument in writing declaring the revival and signed and attested in the manner prescribed by this Article for the signing and attestation of a will."

12

■■■■■■■■

Thus, two methods are provided by which a revoked will may be revived, namely, (1) by its "re-execution" or (2) by an instrument in writing, executed and attested with the formality required of a will, declaring the revival.

■ Prior to the 1957 amendment to section 46, our courts held that upon the revocation of a will an existing earlier will was automatically revived. Stetson v. Stetson, 200 Ill 601, 66 NE 262, 61 LRA 258 (1903). However, this rule was changed by the amendment.

■ ■ The proper execution of a codicil with the formalities required for the execution of a will is a republication or reexecution of the will to which it refers. Thus, in Johnson v. First Union Trust & Savings Bank, 273 Ill App 472, 502 (1934), in discussing this principle, the court said: "It amounts to a republication of the will and if there was any question as to the validity of the original will, it was removed by the execution of this last codicil. Hobart v. Hobart, 154 Ill 610 [39 NE 581, 45 Am St Rep 151]." Likewise, this principle is recognized in James, Illinois Probate Law and Practice, c 28, § 43.12, where the author in pointing out that a properly executed codicil cures defects in an improperly executed will, states that "as the codicil brings the will to it, the will becomes re-executed." In the instant case, by the due execution, attestation and proof of the 1965 codicil the 1948 will to which it specifically referred was re-executed within the meaning of section 46.

■ Further, we are of the opinion that the codicil also complied with the second method of revival provided by section 46. That question was passed upon in Kimbark v. Satas, 87 Ill App2d 460, 231 NE2d 699 (1st Dist 1967), where the court held that a codicil executed in 1965 revived a 1961 will which had been revoked by a 1964 will. There, as here, it was contended that the statutory language that the instrument of revival declare the re-

13

vival required the strict use of the express words "declaring the revival" in the instrument. The court rejected such contention, pointing out that the codicil there began by declaring it to be a first codicil to the testator's last will and testament bearing date of September 15, 1961, and made specific references to various provisions of the 1961 will. Further, the court stated that not only did the testator make a codicil that was entirely inconsistent with anything but a revival of the 1961 will, but he concluded by writing, "'I hereby confirm my said Will in all other respects.'" The codicil in the instant case contained almost identical confirmation language.

■ Appellant contends that the court in the Kimbark case examined the dispositive provisions of the codicil and other facts which demonstrated that the testator there intended to revive the earlier will. It contends that here the 1962 will was a better and more up-to-date estate plan and therefore must be the will the testator preferred. Such contentions must be rejected. This was not the rationale of the Kimbark decision, nor can it be the test here. The desirability of a particular estate plan is in no way germane to the issue of whether the testator revived the 1948 will. The testator here complied with the statutory requirements of revival of the 1948 will. The orders of the circuit court are reversed and this cause is remanded to that court for further proceedings consistent with the views herein expressed.

Reversed and remanded with directions.

SMITH and TRAPP, JJ., concur.