*In re* ESTATE OF ELLA MAE RANDALL.—(LERLENE WALKER, Petitioner-Appellant, *v.* DALE FUNK, Respondent-Appellee.)

Fifth District   No. 78-555

Opinion filed March 27, 1980.

Richard G. Younge, of East St. Louis, for appellant.

Robert J. Harding, of East St. Louis, for appellee.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Petitioner, Lerlene Walker, appeals from the order of the St. Clair County Circuit Court denying admission to probate of the handwritten instrument purporting to be the will of the deceased.

Ella Mae Randall died on July 23, 1976. On October 9, 1976, a handwritten instrument purporting to be the will of decedent, dated February 25, 1976, was filed in the circuit clerk's office. The will purported to be the will of Ella Mae Randall and named petitioner, Lerlene Walker, as the sole legatee. A petition for letters of administration was filed by the public administrator, which petition was granted on June 14, 1978. Lerlene Walker, who was not related to decedent, filed a petition to probate the will and for letters of administration with the will annexed on July 24, 1978; and the court held a hearing on her petition on August 23, 1978. At the hearing, one of the witnesses whose name appeared on the will, Peter Jackson, testified that he saw Ella Mae Randall sign the will in his presence and he signed as a witness in her presence. An affidavit was submitted on behalf of the other witness to the will, Carrie LeSeur. In the

affidavit, the witness stated she saw Ella Mae Randall sign the will in the presence of herself and Peter Jackson.

The trial court refused to admit the will to probate, stating that only one witness had testified and there was no proof that the deceased was of sound mind and memory.

Petitioner contends on appeal that the will was sufficiently proved and that the order denying admission to probate was against the manifest weight of the evidence.

The requirements for admitting this decedent's will to probate are set forth in section 6—7 of the Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, par. 6—7) as follows:

"(a) When each of 2 attesting witnesses to a will testifies that (1) he was present and saw the testator or some person in his presence and by his direction sign the will in the presence of the witness or the testator acknowledged it to the witness as his act, (2) the will was attested by the witness in the presence of the testator and (3) he believed the testator to be of sound mind and memory at the time of signing or acknowledging the will, the execution of the will is sufficiently proved to admit it to probate, unless there is proof of fraud, forgery, compulsion or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will. The proponent may also introduce any other evidence competent to establish a will. If the proponent establishes the will by sufficient competent evidence, it shall be admitted to probate, unless there is proof of fraud, forgery, compulsion or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will.

(b) If all persons who are entitled to notice of the hearing on the petition to admit a will to probate, by mail or publication as provided in Section 6—4, are of legal age and under no legal disability and consent in writing to proof of the will by affidavit, the affidavit of an attesting witness stating the facts set forth in (1), (2) and (3) of subsection (a) of this Section, forming a part of or attached to the will or to which a facsimile which accurately reproduces the will is attached, executed at or any time after the attestation, may be received by the court with the same effect as if the witness testified before the court in person."

In a proceeding to have a will admitted to probate, the proponent has the burden of proving the valid execution of the will. *In re Estate of Ketter* (1978), 63 Ill. App. 3d 796, 380 N.E.2d 385.

In the instant case, the proponent of the will failed to establish the valid execution of the will since she failed to properly establish the execution of decedent's will according to section 6—7 of the Act. An

attempt was made to establish the execution of the will by the affidavit of Carrie LeSeur, one of the witnesses to the will. However, such proof was insufficient. The procedure for proof of a will by affidavit requires that all persons entitled to notice of the hearing on the petition to probate consent to proof of the will by an attesting witness' affidavit in lieu of his testimony at the hearing. There was no evidence in the record that those persons entitled to notice of the hearing on the petition to probate decedent's will consented to proof of the will by affidavit, such consent or consents being mandatory under section 6—7(b) of the Act.

■■ By reason of the foregoing, the petitioner, as proponent of the will, has failed to show in the manner required by section 6—7 of the Probate Act of 1975 that the will was validly executed. Section 6—7 of the Probate Act of 1975 is mandatory, and its requirements for the admission of a will to probate cannot be dispensed with. *Hill v. Chicago Title & Trust Co.* (1926), 322 Ill. 42, 152 N.E. 545.

We conclude that the trial court properly denied admission of the will to probate.

Having determined that the trial court properly denied admission of the will to probate, it is unnecessary to consider the question of whether the court committed error in refusing to admit the will to probate on the basis that there was no proof that decedent was of sound mind and memory.

■■ Petitioner's final contention is that in order for the public administrator to be appointed to administer an estate, it must be shown that there is no relative in the estate to whom administration might be granted. Petitioner is not related to decedent; therefore, her claim to the estate is based solely on the purported will. Since we have concluded that the will was properly denied admission to probate, petitioner has no standing to raise this issue.

For the foregoing reasons, the order of the Circuit Court of St. Clair County denying admission of the will to probate is affirmed.

Affirmed.

JONES, P. J. and HARRISON, J., concur.